**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Chad A. Messenger,　　　　　　　　　　　　　　Case No. 3:14CV1893

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　**ORDER**

Greg Perry, *et al.*,

　　　　　Defendants.

*Pro se* plaintiff Chad Messenger, currently an inmate at the Marion Correctional Institution in Marion, Ohio, has filed this civil rights suit against Marion County employees Greg Perry, Electa L. Foster, and Kathleen Caudill.

Pending are defendant Perry's motion to dismiss (Doc. 4) and plaintiff's motion for a default judgment. (Doc. 13).

For the following reasons, I grant Perry's motion to dismiss and deny plaintiff's motion for a default judgment. I also dismiss this action as to defendants Foster and Caudill in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

**Background**

The Plaintiff was arrested by the Marion Police Department in October, 2010, and later convicted in state court of kidnapping, felonious assault, rape, violating a protective order, and domestic violence.

He now alleges that when he was arrested by the Marion County police, $3,536 was taken from him and placed in the police department's evidence room. Defendant Caudill, a property officer for the Marion Police Department, released this money to plaintiff's ex-wife, Christi Messenger, a arrest without plaintiff's consent.

Plaintiff alleges the defendants conspired with his ex-wife and violated his rights by giving his money to his ex-wife.

Plaintiff acknowledges he has filed a prior lawsuit based on these events in the Marion County Court of Common Pleas. *See Messenger v. Electa Foster, et al.*, Case No. 2013 CV 0473 (Marion Cnty. Ct. of Common Pleas). He named as defendants in that all of the Marion County employees he named as defendants here and alleged they conspired with his ex-wife (who was also a defendant in the Marion County case) to violate his rights.

The state court's docket reflects that the court granted summary judgment to defendants Perry and Foster. Thereafter, the docket shows, the case went to trial against defendant Caudill and plaintiff's ex-wife. Plaintiff prevailed against his ex-wife, but the court dismissed his claim against Caudill. An appealable order to that effect was filed on May 22, 2014. No appeal was taken.

**Analysis**

I must dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e)(2)(B) if the action is frivolous or malicious or fails to state a claim on which relief may be granted. Likewise, 28 U.S.C. § 1915A requires that i dismiss at the screening stage a complaint in which a prisoner seeks relief from a governmental entity, officer, or employee that is frivolous or malicious or fails to state a claim. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011). A claim is plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

In reviewing the adequacy of the complaint, I may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" in deciding a motion to dismiss. *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001).

I am also mindful that pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Nevertheless, even with the benefit of a liberal construction – and assuming the truth of the plaintiff's allegations – the complaint fails to state a claim because plaintiff's allegations are barred by *res judicata*.

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action." *In re Alfes*, 709 F.3d 631, 638 (6th Cir. 2013).

*Res judicata* is based on the following four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

All of these elements are present here.

Plaintiff asserts claims against the same defendants in this case that he asserted in the prior Marion County action. His claims arise out of the same transaction or occurrence that was at issue in the prior case, *i.e.*, the Marion County Police Department's release of his money to his ex-wife after his 2010 arrest. In addition, the Marion County Court of Common Pleas rendered a final judgment on the merits of the Plaintiff's claims against the Defendants.

Because plaintiff's claims are barred by the doctrine of *res judicata*, I dismiss his complaint for failure to state a claim. *See Thompson v. U.S. Small Bus. Admin.*, 8 F. App'x 547, 549 (6th Cir. 2001); *Murray v. Reed*, 69 F. App'x 246, 247 (6th Cir. 2003); *Link v. Sumner Cty. Jail*, 2010 WL 1138029,*2 (M.D. Tenn.).

**Conclusion**

Defendant Perry's motion to dismiss plaintiff's complaint (Doc. 4) is granted, and the complaint is dismissed as to defendants Foster and Caudill in accordance with 28 U.S.C. §§1915(e)(2)(B) and 1915A. In light of this dismissal, plaintiff's motion for a default judgment (Doc. 13) is denied.   Motion for Production of documents (Doc. 9) and Motion to Compel (Doc. 11)  are denied as moot.

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge